Megan A. Richmond (SBN 170753)
MEGAN A. RICHMOND, APC
9255 Towne Centre Drive, Suite 500
San Diego, California 92121
Telephone: (858) 622-7878
Facsimile: (858) 622-1411
megan@therichmondfirm.com

Gregory M. Garrison (SBN 165215)
GREGORY M. GARRISON, APC
9255 Towne Centre Drive, Suite 500
San Diego, California 92121
Telephone: (858) 622-7878
Facsimile: (858) 622-1411
greg@garrisonapc.com

Alexander E. Papaefthimiou (SBN 236930)
LAW OFFICE OF ALEXANDER E. PAPAEFTHIMIOU
215 E. Daily Drive, Suite 28
Camarillo, California 93010
Telephone: (805) 366-3909
Facsimile: (805) 585-5410
alex@aplitigation.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| PENNY PIKE and DAVID DENKIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, a legal subdivision of the State of California, and DOES 1–10, inclusive.<br><br>Defendants. | CASE NO. 5:17-cv-01680<br><br>**COLLECTIVE ACTION**<br>[29 U.S.C. § 216(b)]<br><br>**COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CONSENTS TO SUE** |

**COMPLAINT; DEMAND FOR JURY TRIAL; CONSENTS TO SUE**

## PRELIMINARY STATEMENT

1. Plaintiffs are former or current DEPARTMENT OF AGING AND ADULT SERVICES (**"DAAS"**) non-exempt social worker employees of Defendant COUNTY OF SAN BERNARDINO (**"Defendant"**), and bring this action, on their own behalf and on behalf of all others similarly situated, under the United States Fair Labor Standards Act, 29 U.S.C. § 216(b), for remedies arising out of Defendants' non-payment of overtime to its DAAS social workers.

2. This action exempts certain claims and remedies arising out of Defendants' non-payment of overtime (the **"Released Claims"**), but only to the extent that any plaintiff or opt-in plaintiff herein: (a) was a plaintiff or opt-in plaintiff in the matter of *David Denkin v. County of San Bernardino*, Central District of California Case No. 5:16-cv-00044-JBG-(KKx) (the **"Denkin Collective Action"**), which was certified as a collective action with regard to DAAS social workers employed at Defendant's Rancho Cucamonga office; and (b) the claim or remedy was released as a result of the Court-approved settlement in the Denkin Collective Action (the **"Denkin Settlement"**).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims asserted herein pursuant to Article III of the United States Constitution, 28 U.S.C. § 1331, and 29 U.S.C. § 216(b).

4. Venue is proper in this Court under 28 U.S.C. § 1391(b). Defendant resides in this District for the purposes of the foregoing venue statute and a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred in this District.

## PARTIES

5. Plaintiff PENNY PIKE (**"Pike"**) is an individual. Plaintiff Pike is a citizen of the United States of America and the State of California. Plaintiff Pike resides in this District. Plaintiff Pike is employed as a non-exempt DAAS social

worker by Defendant in this District. Plaintiff Pike was not a plaintiff or opt-in plaintiff in the Denkin Collective Action and did not release any claims or remedies against Defendant in the Denkin Settlement.

6. Plaintiff DAVID DENKIN ("**Denkin**") is an individual. Plaintiff Denkin is a citizen of the United States of America and the State of California. Plaintiff Denkin resides in this District. Plaintiff Denkin is employed as a non-exempt DAAS social worker by Defendant in this District. Plaintiff Denkin was a plaintiff in the Denkin Collective Action, and brings claims herein arising out of uncompensated overtime he worked as a DAAS social worker that are not Released Claims, including, but not necessarily limited to: (a) claims related to uncompensated overtime worked at offices other than Rancho Cucamonga; and (b) claims related to uncompensated overtime worked on or after August 16, 2017.

7. The additional persons who may become plaintiffs herein are also non-exempt DAAS social workers who are or were employed by Defendant and who worked overtime hours for said Defendant without receiving any or all of the compensation to which they are entitled.

8. Defendant is a legal subdivision of the State of California, pursuant to Article 11, Section 1(a) of the California Constitution and Cal. Gov. Code § 23002.

9. Defendants DOES 1-10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend this Complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe, and thereon allege, that each of these fictitiously named defendants is responsible in some manner for the occurrences alleged herein and that the damages alleged herein were caused by such defendants.

## COLLECTIVE ACTION ALLEGATIONS

10. Plaintiffs make the allegations contained herein on their own behalf and on behalf of all others similarly situated. The allegations contained herein are made

COMPLAINT; DEMAND FOR JURY TRIAL; CONSENTS TO SUE                                   2

upon personal knowledge as to Plaintiffs and their own acts and circumstances, and, as to all other matters, upon information and belief.

11. During the applicable limitations period, Plaintiffs were employed as non-exempt social workers by Defendant's DAAS.

12. The allegations of this Complaint are applicable to all DAAS social workers employed by Defendant during the limitations period, including both current and former employees of Defendant, to the extent that the social workers did not release any claims in the Denkin Settlement.

13. To the extent not Released Claims, Plaintiffs bring this action on behalf of themselves and on behalf of all other DAAS social workers who were employed by Defendant within the applicable limitations period and who worked in excess of the maximum hours prescribed by 29 U.S.C. § 207(a) without payment of all of the overtime compensation required thereunder. Plaintiffs reserve the right to seek certification of this matter as a collective action on behalf of the foregoing current and former employees of Defendant. If discovery so indicates, Plaintiffs also reserve the right to seek certification of this matter as a collective action on behalf of one or more sub-classes of social workers employed by Defendants' DAAS, including, but not limited to, subclasses of DAAS social workers employed at offices other than Rancho Cucamonga.

14. Plaintiffs' position and situation is in all respects similar to, if not identical to, the other persons on whose behalf Plaintiffs bring this action. Plaintiffs reserve the right to seek to certify this action as a collective action with one or more sub-classes.

15. Plaintiff Pike's consent to be part of this action is attached hereto as <u>Attachment A</u>.

16. Plaintiff Denkin's consent to be part of this action is attached hereto as <u>Attachment B</u>.

## FIRST CLAIM FOR RELIEF
### (Fair Labor Standards Act)

17. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 16 of this Complaint as though fully set forth in this First Claim for Relief.

18. At all times relevant to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. §§ 203(r) and 203(s). At all times relevant to this Complaint, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and has employed and continued to employ social workers, including Plaintiffs, within the meaning of 29 U.S.C. § 203(g).

19. During the applicable limitations period, Plaintiffs were employed by Defendant as non-exempt DAAS social workers.

20. Pursuant to 29 U.S.C. § 207(a), the DAAS social workers employed by Defendant, including Plaintiffs, are entitled to be compensated for all of the hours they worked for Defendant, as well as time and one-half (1½) of their regular pay rate for each hour worked in excess of forty (40) hours per week.

21. During the applicable limitations period, Defendants frequently required, suffered, and/or permitted the DAAS social workers, including Plaintiffs, to work more than forty (40) hours per week without paying them all of the overtime compensation required by 29 U.S.C. § 207(a). This overtime was worked, **without limitation**, during uncompensated break and meal periods, traveling and in the field, and/or outside of the office.

22. During the applicable limitations period, Defendants failed to accurately record, report, and/or preserve records of hours worked by DAAS social workers, including Plaintiffs. To the extent such records exist, they are in the possession of Defendants and discoverable in this action.

23. Defendants' unlawful conduct has been repeated and consistent throughout Plaintiffs' entire period of employment as DAAS social workers.

24. Defendants were aware that the DAAS social workers, including Plaintiffs, performed work that could not be completed in forty (40) hours per week and required them to work overtime.

25. Upon information and belief, Defendants were aware that the DAAS social workers, including Plaintiffs, worked uncompensated overtime.

26. Upon information and belief, Defendants' failure to pay overtime to the DAAS social workers, including Plaintiffs, was "willful" for the purposes of 29 U.S.C. § 255(a).

27. By reason of Defendants' foregoing conduct, the DAAS social workers, including Plaintiffs, have suffered harm and been damaged.

28. Plaintiffs and all others similarly situated are entitled to damages in the amount of all unpaid overtime from three (3) years immediately preceding the filing of this action, pursuant to 29 U.S.C. § 255(a). They are also entitled to liquidated damages, plus interest and costs as allowed by law, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper. They are also entitled to recover attorney fees and costs, pursuant to 29 U.S.C. § 216(b). Plaintiffs hereby seek all of the foregoing remedies for themselves and all others similarly situated.

29. WHEREFORE, Plaintiffs, on their own behalf and on behalf of all others similarly situated, request the relief set forth in this First Claim for Relief and below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs PENNY PIKE and DAVID DENKIN pray for the following, on their own behalf and on behalf of all others similarly situated:

A. Judgment against Defendants for an amount equal to the overtime Defendants failed to pay at the applicable overtime rate, pursuant to 29 U.S.C. § 216(b);

B. Liquidated damages in an additional amount equal to the overtime Defendants failed to pay at the applicable overtime rate, pursuant to 29 U.S.C. § 216(b);

C. Attorney fees and costs, pursuant to, *inter alia*, 29 U.S.C. § 216(b);

D. A finding that Defendants' violations of law were willful and providing for a recovery period of three (3) years prior to the filing of this Complaint, pursuant to 29 U.S.C. § 255(a);

E. An award of prejudgment interest;

F. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

G. Such further relief as the Court deems just and equitable.

Dated: August 18, 2017

**The filer of this document attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.**

Respectfully submitted by,

MEGAN A. RICHMOND, APC

/s/ Megan A. Richmond
Megan A. Richmond (SBN 170753)

9255 Towne Centre Drive, Suite 500
San Diego, California 92121
Telephone: (858) 622-7878
Facsimile: (858) 622-0411
megan@therichmondfirm.com

GREGORY M. GARRISON, APC

/s/ Gregory M. Garrison
Gregory M. Garrison
9255 Towne Centre Drive, Suite 500
San Diego, California 92121

1
2
        Telephone: (858) 622-7878
        Facsimile: (858) 622-1411
        greg@garrisonapc.com

3
4
        LAW OFFICE OF
        ALEXANDER E. PAPAEFTHIMIOU

5
6
        <u>/s/ Alexander E. Papaefthimiou</u>
        Alexander E. Papaefthimiou (SBN 236930)

7
8
9
10
        215 E. Daily Drive, Suite 28
        Camarillo, California 93010
        Telephone: (805) 366-3909
        Facsimile: (805) 585-5410
        alex@aplitigation.com

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEMAND FOR JURY TRIAL**

Pursuant to, *inter alia*, Amendment VII to the United States Constitution and Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action triable by a jury.

Dated: August 18, 2017

**The filer of this document attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.**

Respectfully submitted by,

MEGAN A. RICHMOND, APC

/s/ Megan A. Richmond
Megan A. Richmond (SBN 170753)

9255 Towne Centre Drive, Suite 500
San Diego, California 92121
Telephone: (858) 622-7878
Facsimile: (858) 622-0411
megan@therichmondfirm.com

GREGORY M. GARRISON, APC

/s/ Gregory M. Garrison
Gregory M. Garrison
9255 Towne Centre Drive, Suite 500
San Diego, California 92121
Telephone: (858) 622-7878
Facsimile: (858) 622-1411
greg@garrisonapc.com

LAW OFFICE OF
ALEXANDER E. PAPAEFTHIMIOU

/s/ Alexander E. Papaefthimiou
Alexander E. Papaefthimiou (SBN 236930)

215 E. Daily Drive, Suite 28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Camarillo, California 93010
Telephone: (805) 366-3909
Facsimile:  (805) 585-5410
alex@aplitigation.com

**COMPLAINT; DEMAND FOR JURY TRIAL; CONSENTS TO SUE** 9

## ATTACHMENT A

I, PENNY PIKE, hereby state that, during at least some of the time after August 18, 2014, I was employed as a social worker by the County of San Bernardino's Department of Aging and Adult Services (a "DAAS Social Worker"). I am currently employed as a DAAS Social Worker at the DAAS San Bernardino office.

For at least one or more of the weeks that I worked subsequent to August 18, 2015 as a DAAS Social Worker at the San Bernardino office, I worked more than forty (40) hours without receiving either: (a) additional pay calculated at one and one-half (1½) times my regular hourly rate for each hour in excess of forty (40) in the workweek; or (b) one and one-half (1½) hours compensatory time off for each hour I worked in excess for forty (40) in the workweek; or (c) a combination of both.

I hereby consent to becoming a party plaintiff in that certain civil action styled *Pike v. County of San Bernardino* in the United States District Court for the Central District of California, which is brought under the Fair Labor Standards Act and seeks, among other things, recovery of unpaid overtime compensation, liquidated damages, attorneys' fees and costs (the "FLSA Action").

I hereby consent to and designate the law offices of MEGAN A. RICHMOND APC, Alexander E. Papaefthimiou, and GREGORY M. GARRISON APC to represent me in the FLSA Action.

Dated: _August 18, 2017___

_Penny Pike_ (signature)
Penny Pike

## ATTACHMENT B

I, DAVID DENKIN, hereby state that, during at least some of the time after August 18, 2014, I was employed as a social worker by the County of San Bernardino's Department of Aging and Adult Services (a "DAAS Social Worker"). During this period of time, I worked at both the San Bernardino and Rancho Cucamonga DAAS offices. I am currently employed as a DAAS Social Worker at the DAAS Rancho Cucamonga office.

For at least one or more of the weeks that I worked at the San Bernardino Office subsequent to August 18, 2014 as a DAAS Social Worker, I worked more than forty (40) hours without receiving either: (a) additional pay calculated at one and one-half (1½) times my regular hourly rate for each hour in excess of forty (40) in the workweek; or (b) one and one-half (1½) hours compensatory time off for each hour I worked in excess for forty (40) in the workweek; or (c) a combination of both.

For at least one or more of the weeks that I worked at the Rancho Cucamonga office subsequent to August 18, 2015 as a DAAS Social Worker, I worked more than forty (40) hours without receiving either: (a) additional pay calculated at one and one-half (1½) times my regular hourly rate for each hour in excess of forty (40) in the workweek; or (b) one and one-half (1½) hours compensatory time off for each hour I worked in excess for forty (40) in the workweek; or (c) a combination of both.

I hereby consent to becoming a party plaintiff in that certain civil action styled *Pike v. County of San Bernardino* in the United States District Court for the Central District of California, which is brought under the Fair Labor Standards Act and seeks, among other things, recovery of unpaid overtime compensation, liquidated damages, attorneys' fees and costs (the "FLSA Action").

//

//

I hereby consent to and designate the law offices of MEGAN A. RICHMOND APC, Alexander E. Papaefthimiou, and GREGORY M. GARRISON APC to represent me in the FLSA Action.

Dated: _August 18, 2017___

_____
David Denkin